# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

### WESTERN DIVISION

FILED BY _JC_ D.C.

05 SEP 12 PM 4:48

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

U.S.A. vs. **MICHAEL FENZY LANGHORN (a.k.a. Yaqin Umoja)**     Docket No. **2:00CR20178-001**

### Petition on Probation and Supervised Release

**COMES NOW** __FREDDIE MCMASTER II__ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Michael Fenzy Langhorn (a.k.a. Yaqin Umoja) who was placed on supervision by the Honorable Julia S. Gibbons sitting in the Court at Memphis, TN on the 23rd day of January, 2001 who fixed the period of supervision at three (3) years*, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall pay $34,255.36 restitution (balance $34,255.36).

The defendant shall participate in drug testing/treatment as directed by the probation office.

The defendant shall maintain employment.

*Term of Supervised Release began October 27, 2004 with restitution payments set at 10% of monthly gross income on May 13, 2005.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

(PLEASE SEE ATTACHED)

**PRAYING THAT THE COURT WILL ORDER a WARRANT** be issued for Michael Fenzy Langhorn (a.k.a. Yaqin Umoja) to appear before the Honorable Samuel H. Mays, Jr. to answer charges of violation of Supervised Release.

| | |
|---|---|
| **ORDER OF COURT** | I declare under penalty of perjury that the foregoing is true and correct. |
| Considered and ordered this 9th day of Sept., 2005 and ordered filed and made a part of the records in the above case.<br><br>_____<br>United States District Judge | Executed on _September 8, 2005_<br><br>_Freddie McMaster II_<br>U.S. Probation Officer<br><br>Place     Memphis, Tennessee |

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _9-13-05_

PROB 12
Langhorn, Michael Fenzy (a.k.a. Yaqin Umoja)
Docket No. 2:00CR20178-001
Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state, or local crime.**

On August 18, 2005, Michael Langhorn (a.k.a. Yaqin Umoja) was arrested and charged by the Memphis Police Department with Theft of Property over $1,000.00, to wit: Auto Theft, Altering/Changing Engine or Serial Number Fraudulently (2 counts), and Driving While License Suspended. Detectives with the Auto/Cargo Theft Task Force (ACTF) received information that Michael Langhorn (a.k.a. Yaqin Umoja) would be driving a stolen 1996 Jeep Cherokee. Following a traffic stop for driving at a high rate of speed, detectives determined the vehicle identification number (VIN) on the dashboard had been tampered with. Upon further investigation, the valid VIN was found and the Jeep verified as having been reported stolen on January 26, 2005. This matter is set for September 12, 2005, in Shelby County General Sessions Court.

Earlier that same day ACTF officers responded to a call regarding a possible stolen vehicle at the Perkins Woods Apartments. Officers saw a 2001 Jeep Cherokee with the dashboard VIN altered. A witness advised he worked for Michael Langhorn's (a.k.a. Yaqin Umoja) cleaning business, and the Cherokee was used as the company vehicle. The tags on the vehicle were registered to Yaqin Umoja, and the actual VIN had been reported stolen. On August 24, 2005, an arrest warrant was issued for him for Theft of Property over $1.000.00, to wit: Auto Theft relative to these facts.

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Michael Langhorn (a.k.a. Yaqin Umoja) used a controlled substance as evidenced by positive screens for cocaine on June 20 and July 25, 2005. On April 5, May 31, and August 2, 2005, he signed voluntary statements of admission to having used cocaine on March 31, May 25, and July 29, 2005, respectively.

**The defendant shall participate in drug testing/treatment as directed by the probation office.**

On May 31, 2005, Michael Langhorn (a.k.a. Yaqin Umoja) was referred to the Alcohol and Chemical Abuse Rehabilitation Center (ACAR) to begin drug testing and treatment. He missed drug screens on June 16, July 16, and August 1, 2005, and a scheduled counseling session on August 3, 2005. He was discharged on August 4, 2005, due to non-compliance.

# VIOLATION WORKSHEET

1. Defendant _____ Michael Langhorn (a.k.a. Yaqin Umoja) 3100 Kettle Creek Dr. #9 Memphis, TN 38127
2. Docket Number (Year-Sequence-Defendant No.) _____ 2:00CR20178-001 _____
3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date   01       23       01
                          month    day     year

*(If different than above):*

5. Original District/Office _____
6. Original Docket Number (Year-Sequence-Defendant No.) _____
7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| Theft of property over $500, to wit: auto theft (2 counts) | B |
| Altering/Changing engine or serial numbers fraudulently (2 counts) | B |
| Driving while license suspended | C |
| Usage of a controlled substance (cocaine) | C |
| Failure to participate in drug testing/treatment as directed | C |

8. Most Serious Grade of Violation (see §7B1.1(b))     B
9. Criminal History Category (see §7B1.4(a))74         VI

10. Range of imprisonment (see §7B1.4(a))              | 21-27 months* |

*Being originally convicted of a Class D felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   { }  (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { }  (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   {X}  (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

**Defendant**   Michael Langhorn (a.k.a. Yaqin Umoja)      Docket #2:00CR20178-001

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) __34,255.36__         Community Confinement __N/A__

Fine ($) __N/A__                      Home Detention __N/A__

Other __N/A__                         Intermittent Confinement __N/A__

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: __N/A__ to __N/A__ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____
_____
_____
_____
_____
_____
_____
_____

15. Official Detention Adjustment {see §7B1.3(e)}: months _____ days _____

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 45 in case 2:00-CR-20178 was distributed by fax, mail, or direct printing on September 15, 2005 to the parties listed.

---

C. Mark Pickrell
PICKRELL LAW FIRM
3200 West End Ave., Suite 500
Nashville, TN 37205

Thomas L. Parker
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT